# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

ADAM EUGENE LANE                                           PETITIONER
ADC #155843

V.                              NO. 5:16cv00355-DPM-JTR

WENDY KELLEY, Director,                                    RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Adam Eugene Lane ("Lane"), an Arkansas Department of Correction ("ADC") inmate. *Doc. 2*. Before addressing Lane's claims, the Court will review the procedural history of the case.

On October 2, 2013, Lane appeared in Sebastian County Circuit Court and pleaded guilty to one count of being a felon in possession of a firearm. *R. at 63-65.*[1] He was sentenced to six years of imprisonment, followed by four years suspended imposition of sentence ("SIS"). *R. at 73-77.* He signed a document outlining the written terms and conditions governing his behavior during the period of his SIS. *R. at 64.*

On December 8, 2014, Lane was paroled and released from the ADC. *R. at 127-28.* In January 2015, Lane failed to report to his parole officer, was not at his approved residence during a home visit, and was allegedly staying at a motel in Fort Smith without having received permission from his parole officer. *R. at 116-17, 126-27.* On January 27, 2015, Lane was located at the motel in possession of a handgun and eight baggies containing over two grams of methamphetamine. *R. at 123-24, 140-45, 154-58.*

On February 3, 2015, the State filed a petition to revoke, alleging that Lane had violated the conditions of his SIS by committing the offenses of simultaneous possession of drugs and firearms, possession of methamphetamine with purpose to deliver, possession of drug paraphernalia, and being a felon in possession of a firearm. *R. at 79-80.* The petition further alleged that Lane had associated with a known felon, and failed to pay restitution, fines, costs and fees. *R. at 80.*

---

[1]The record of Lane's state court proceedings was submitted as Resp't Ex. A (*Doc. 11-2*).

On April 8, 2015, the Sebastian County Circuit Court conducted a revocation hearing. *R. at 107-63.* At the end of the hearing, the Court found that Lane had violated the conditions of his SIS by: (1) simultaneously possessing drugs and firearms; (2) possessing methamphetamine; and (3) failing to pay his restitution, fines, and court costs and fees. *Doc. 11-3, at 41.*[2] The Court stated that judgment of conviction would be entered and Lane would be sentenced to fourteen years in the ADC. *Id.* On April 14, 2015, the Court entered a Sentencing Order: (1) imposing judgment on the felon-in-possession charge; and (2) sentencing Lane to fourteen years in the ADC. *R. at 93.*

Lane appealed, arguing that the trial court failed to comply with two statutory provisions regarding SIS revocations: (1) not providing a written statement of the evidence on which it had relied and the reasons for revoking his SIS; and (2) not holding the revocation hearing within sixty days of his arrest. *Doc. 11-3, at 45-50; see* Ark. Code Ann. § 16-93-307(b).

On November 18, 2015, the Arkansas Court of Appeals affirmed. *Lane v. State,* 2015 Ark. App. 672. Lane petitioned for review in the Arkansas Supreme Court. His petition was denied on January 28, 2016. *Docs. 11-6 & 11-7.* Lane did not seek Rule 37 post-conviction relief.

---

[2]The page of the hearing transcript containing the trial court's ruling (page 162) is missing from Resp't Ex. A. *Doc. 11-2 (skipping from page 161 to 163).* However, the ruling, which is not in dispute, is set forth verbatim in Lane's Appellant Brief. *Doc. 11-3, at 41.*

On November 21, 2016, Lane initiated this federal habeas action. *Doc. 2.* In his Petition, he argues that he was denied the effective assistance of counsel in his revocation proceeding because his attorney did not seek a competency evaluation. Liberally construing Lane's allegations, he also argues that he was denied due process because the trial court failed to determine his competency at the revocation hearing even though Lane "expressed discontent" and stated he was "not competent right now, too much stuff running through my mind." *Id. at 5, 13; see R. at 108-09.*

Respondent argues that all of Lane's habeas claims are procedurally defaulted.[3] *Doc. 11.* Because the Court agrees, it recommends that the § 2254 Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

A habeas petitioner must "fairly present" his claims in state court *before* seeking § 2254 relief in federal court. *Murphy v. King,* 652 F.3d 845, 858-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus … shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State."); *Palmer v. Clarke,* 408 F.3d 423, 430 (8th Cir. 2005) (a habeas petitioner has "fairly presented" a claim when he has "properly

---

[3]In Lane's Reply (*Doc. 13*), he argues that Respondent's Response is "inadmissible" because it was filed after the January 18, 2017 deadline ordered by the Court (*Doc. 10*). Because the Court's docket shows that the Response (*Doc. 11*) was filed on January 18, 2017, Lane's argument clearly is without merit.

raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition."). By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

When a petitioner fails to fully exhaust his claims in state court and time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991). When a procedural default occurs, federal habeas review of the claim is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a "fundamental miscarriage of justice." *Id.* at 750.

Respondent argues that Lane's claims are procedurally defaulted because he never presented them to the state courts and the time for doing so has expired. The Court agrees.

On direct appeal, Lane argued only that the trial court had violated two state statutory provisions governing SIS revocations. He made no arguments regarding the trial court's failure to determine competency or the denial of due process.[4]

---

[4]*See Lewis v. State,* 2016 Ark. App. 503, at 5-7, 505 S.W.3d 725, 729-30 (although a defendant's claim that he was incompetent to proceed in a revocation proceeding generally must

After losing his direct appeal, Lane had sixty days after the mandate issued from the Arkansas Court of Appeals to initiate a Rule 37 post-conviction proceeding in the state trial court. *See* Ark. R. Crim. P. 37.2.[5] Lane never filed a Rule 37 Petition.

Because Lane failed to present and exhaust in state court the factual and legal basis for any of the claims for federal habeas relief that he now asserts, *all* of his claims are procedurally defaulted. As "cause" to excuse his default, Lane argues that: (1) his appellate counsel was ineffective for not asserting, on direct appeal, that the trial court erred in failing to determine whether Lane was competent to proceed at the revocation hearing; and (2) because he had no counsel to pursue Rule 37 post-conviction relief, the Court should "apply the reasoning in *Martinez*" to excuse any defaults occurring at that time. *Doc. 2 at 5-6, 11, 13. See Martinez v. Ryan,* 566 U.S. 1 (2012).

Lane's contention that his direct-appeal counsel rendered ineffective assistance in failing to raise the competency issue is insufficient to demonstrate "cause." Before it may be used to establish cause for a procedural default, a claim of

---

be raised in the trial court and on appeal, it may be raised for the time on direct appeal if it concerns the trial court's *sua sponte* duty to recognize and address the competency issue).

[5]Under Arkansas law, "the proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under [Ark. R. Crim. P. 37]." *Carrier v. State,* 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983). Thus, to exhaust his ineffective assistance of trial counsel claim, Lane was required to raise that claim in a Rule 37 petition in the trial court and then appeal its denial of relief to the Arkansas Supreme Court. *Armstrong v. Iowa,* 418 F.3d 924, 925-26 (8th Cir. 2005).

ineffective assistance must first be presented to the state courts as an independent Sixth Amendment claim. *Taylor v. Bowersox,* 329 F.3d 963, 971 (8th Cir. 2003) (refusing to consider "whether [habeas petitioner's] appellate counsel was a source of cause to lift the procedural bar" because petitioner had never presented a claim in state court that appellate counsel was constitutionally deficient). Lane has never raised in state court a claim of ineffective assistance of direct-appeal counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000) ("an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted").

Moreover, *Martinez*'s narrow exception to the procedural default doctrine does not save any of Lane's defaulted claims. In *Martinez,* the Court held that "[i]nadequate assistance of counsel [or the absence of counsel] *at initial-review collateral proceedings* may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez,* 566 U.S. at 9 (emphasis added).[6] However, the *Martinez* exception applies only to defaulted claims of ineffective assistance of trial counsel, not to any other kind of trial error or to ineffective assistance of direct-appeal counsel. *Davila v. Davis,* 137 S. Ct. 2058, 2065 (2017) (emphasizing that *Martinez* "provides no support for extending its narrow exception

---

[6]The *Martinez* holding was expanded by *Trevino v. Thaler,* 133 S. Ct. 1911 (2013), and held applicable to certain Arkansas cases in *Sasser v. Hobbs,* 735 F.3d 833, 853-54 (8th Cir. 2013).

to new categories of procedurally defaulted claims"); *Dansby v. Hobbs,* 766 F.3d 809, 832-34 (8th Cir. 2014). Thus, Lane cannot rely on *Martinez* to excuse the default of his claim that he was denied due process based on the trial court's failure to determine his competency, or his claim (now asserted as cause) that his appellate counsel was ineffective for failing to raise the competency issue on direct appeal.

Finally, while the *Martinez* exception is potentially applicable to Lane's claim of constitutionally ineffective assistance of *trial counsel*, in Arkansas a petitioner must first initiate a Rule 37 proceeding. If no Rule 37 petition is filed, *Martinez* and its progeny cannot be applied to save any procedurally defaulted claims. After all, the *Martinez* exception is premised on "cause" consisting of "there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding." *Dansby*, 766 F.3d at 834. Absent a state collateral review proceeding, the "cause" for the equitable exception ceases to exist.

Federal district courts in Arkansas have consistently held that a habeas petitioner like Lane must, at a minimum, initiate a "state collateral review proceeding" by filing a Rule 37 petition with the state trial court before he can rely on *Martinez* to excuse his procedural default. *See, e.g., Travis v. Kelley,* No. 5:17CV00044-SWW-JTR, 2017 WL 4295258, at *5 (E.D. Ark. Sept. 5, 2017) (citing cases), *recommendation adopted by* 2017 WL 4295197 (E.D. Ark. Sept. 27, 2017); *Willis v. Kelley*, No. 5:16CV05101-PKH, 2017 WL 906979, at *4 (W.D. Ark.

Feb. 17, 2017), *recommendation adopted by* 2017 WL 901899 (W.D. Ark. Mar. 7, 2017); *McCullough v. Kelley,* No. 5:15CV00162-JM-JTK, 2016 WL 1039521, at *2 (E.D. Ark. Feb. 25, 2016), *recommendation adopted by* 2016 WL 1047369 (E.D. Ark. Mar. 15, 2016).[7]

Lane's failure to file a Rule 37 Petition with the trial court bars him from relying on the *Martinez* exception to excuse his now procedurally defaulted ineffective assistance of trial counsel claims.

Accordingly, because Lane has procedurally defaulted all of his § 2254 habeas claims, this action should be dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2,* be DENIED, and the case be DISMISSED, with prejudice. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

---

[7]*See also Jones v. Penn. Bd. of Probation & Parole,* 492 F. App'x. 242, 246-47 (3d Cir. 2012) ("[T]he *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review.") (internal citations omitted); BRIAN R. MEANS, FEDERAL HABEAS MANUAL §§ 9B:62, 24:17 (2017). No Court of Appeals has addressed this issue in a published opinion.

DATED this 14th day of November, 2017.

_____

UNITED STATES MAGISTRATE JUDGE